OPINION *Page 2 
{¶ 1} Appellant, Joshua Lee McIntyre, was indicted on one count of Theft a felony of the fifth degree in violation of R.C. 2913.02(A)(1) along with a co-defendant, Lester McIntyre. Appellant's case proceeded to a jury trial wherein Appellant was found guilty and sentenced to an eleven month term of imprisonment. Lester McIntyre's case was handled separately from Appellant's case.
 {¶ 2} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth a proposed Assignment of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error. Appellee did not file a brief. Appellant has suggested one potential assignment of error:
 I. {¶ 3} "THE JURY'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 4} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to *Page 3 
determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738. We now will address the merits of Appellant's Assignment of Error.
 I. {¶ 6} In his potential Assignment of Error, Appellant argues his conviction is against the manifest weight and the sufficiency of the evidence.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be *Page 4 
exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 8} R.C. 2913.02(A)(1) defines theft as follows,
 {¶ 9} (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 10} (1) Without the consent of the owner or person authorized to give consent.
 {¶ 11} The undisputed evidence at trial revealed Appellant and his father, Lester, went into the electronics section of Wal Mart. Lester was pushing an empty shopping cart. Appellant loaded two televisions into the shopping cart. Lester and Appellant left the store without paying for the televisions. As the pair exited the store, Appellant stayed slightly ahead of Lester. Appellant went into the restroom at the front of the store while Lester waited outside the restroom.
 {¶ 12} As they walked toward the store's exit, Appellant engaged the Wal Mart greeter in conversation. The video reveals the greeter to be small in stature and confined to a wheel chair. Appellant spoke to the greeter, blocking the greeter's view of Lester. Once Lester passed through the electronic security detectors, Appellant again distracted the greeter by talking to him. Once personnel realized what had happened, an inventory search was conducted establishing two televisions were missing.
 {¶ 13} As a preemptive measure in anticipation of the return of the pair, Wal Mart staff removed the remainder of the televisions from their boxes leaving empty boxes on display. The next day, the duo returned to the Wal Mart electronics department. Appellant asked a salesperson if he could see a television located in a *Page 5 
locked cabinet. The salesperson showed Appellant the television and advised any purchase would have to be made in the electronics department. Appellant advised the salesperson he left his money at home and would return later to make the purchase.
 {¶ 14} The pair walked back toward the front of the store without any merchandise. Again, Appellant remained in front of Lester. A manager stopped Lester to talk, and Appellant continued to exit the store. Appellant pulled a truck to the front of the store where his father stood with the store manager and a loss prevention employee. Appellant instructed his father to get in the vehicle; however, Appellant drove away leaving his father, Lester, behind.
 {¶ 15} Appellant testified in his own defense claiming he was unaware his father did not pay for the tvs. Appellant also testified he was previously convicted of robbery, forgery, identity theft, misuse of credit cards, receiving stolen property, and assault.
 {¶ 16} First, we will address the sufficiency of the evidence. Both Appellant and the State agree the televisions were taken without the consent of Wal Mart and Appellant was present when the televisions were taken. Therefore, there is sufficient evidence to establish the crime of Theft.
 {¶ 17} Next, we will review the manifest weight of the evidence argument. The video and testimony establish Appellant blocked the greeter's ability to see Lester leaving the store with the televisions. Appellant admitted he was with his father at the store, lifted the televisions into the shopping cart, and did not personally pay for the merchandise. Appellant returned to the Wal Mart the following day again looking at televisions without any money on hand to pay for the tvs. Although Appellant lives with his father, he testified he did not know what happened to the tvs. The jury as the trier of *Page 6 
fact is in the best position to judge the credibility of the witnesses.State v. Judd 2005 WL 1208841, 3 (Ohio App. 5 Dist.). Clearly, the jury did not believe Appellant's testimony he was unaware his father had not paid for the televisions. We cannot say this is one of the extraordinary cases where the jury clearly lost its way.
 {¶ 18} Appellant's assignment of error is overruled.
 {¶ 19} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the Stark County Court of Common Pleas.
 Wise, J. Farmer, P. J., and Hoffman, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to appellant. *Page 1